*E-FILED - 3/20/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES E. HOBBS, | ) | No. C 06-4871 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | MOTION TO DISMISS; FURTHER |
| vs. | ) | SCHEDULING ORDER |
| | ) | |
| T. FELKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | (Docket No. 11) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 2, 2007, the court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition on July 25, 2007. Thereafter, petitioner filed an application for enlargement of time to file an opposition to the motion. On December 5, 2007, the court granted petitioner's motion for enlargement of time and directed petitioner to file an opposition with the court, and serve a copy on respondent, within thirty (30) days. As of the date of this order, petitioner has not filed an opposition, nor communicated with the court. Based upon the papers submitted, the court DENIES respondent's motion to dismiss.

\\\

\\\

**BACKGROUND**

On October 9, 2002, petitioner pled guilty to assault with a deadly weapon (Cal. Penal Code § 245(a)(1)), attempting to dissuade a victim or witness from reporting a crime (Cal. Penal Code § 136(b)(1)), false imprisonment (Cal. Penal Code §§ 236, 237), and battery with serious bodily injury (Cal. Penal Code §§ 242, 243) in the Santa Clara Superior Court.  Resp. Ex. 2 at 3-13.  With enhancements for his prior convictions, petitioner was sentenced on July 11, 2003 to twenty-five years-to-life in prison to be served consecutively to a five-year enhancement for his prior serious felony.  Resp. Ex. 1 at 74-75; Ex. 2 at 17-24.

Petitioner filed a notice of appeal on July 11, 2003.  On November 13, 2003, petitioner filed a motion pursuant to California Penal Code section 1170(d) asking the trial court to recall and modify the previously imposed sentence.  Resp. Ex. 3 at 2-28.  The trial court denied petitioner's motion on December 22, 2003.  Resp. Ex. 4 at 2-3.  Petitioner filed a second notice of appeal on December 29, 2003.  On March 2, 2004, petitioner filed an opening brief on direct appeal raising one claim, that the trial court abused its discretion in declining to strike one of petitioner's "strikes" under California's "three strikes" law.  Resp. Ex. 5.  The California Court of Appeal consolidated the appeals and affirmed the judgment on August 27, 2004.  Resp. Ex. 8. The California Supreme Court denied a petition for review on November 17, 2004.  Resp. Ex. 10.

Petitioner filed a habeas petition in the state supreme court on June 14, 2005, raising a claim of ineffective assistance of trial and appellate counsel, which was denied on May 10, 2006. Petition at 4.  Petitioner signed the instant federal petition on July 11, 2006.  Petition at 7.  The instant petition was filed with the court on August 14, 2006.

**DISCUSSION**

A.  <u>Timeliness of the Petition</u>

Respondent moves the court to dismiss the instant petition as untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Under AEDPA, prisoners challenging non-capital state

1  convictions or sentences must be filed within one year of the latest of the date on which:
2  (1) the judgment became final after the conclusion of direct review or the time passed for
3  seeking direct review; (2) an impediment to filing an application created by unconstitutional
4  state action was removed, if such action prevented petitioner from filing; (3) the constitutional
5  right asserted was recognized by the Supreme Court, if the right was newly recognized by the
6  Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of
7  the claim could have been discovered through the exercise of due diligence. 28 U.S.C. §
8  2244(d)(1).

9        The one-year period generally will run from "the date on which the judgment became
10 final by conclusion of direct review or the expiration of the time for seeking such review." 28
11 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a
12 petition for a writ of certiorari from the United States Supreme Court, whether or not the
13 petitioner actually files such a petition. <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999).
14 Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme
15 Court, AEDPA's one-year limitation period begins on the date that the ninety-day period defined
16 by Supreme Court Rule 13 expires. <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002)
17 (where petitioner did not file petition for certiorari, his conviction became final ninety days after
18 the California Supreme Court denied review).

19       The California Supreme Court denied review of petitioner's direct appeal on November
20 17, 2004. Petitioner's conviction became final on February 15, 2005, when the period in which
21 to petition for certiorari expired. Accordingly, petitioner had until February 15, 2006 to file his
22 federal habeas petition. Petitioner signed the instant federal petition on July 11, 2006. Petition
23 at 7. The instant petition was filed with the court on August 14, 2006. Therefore, the instant
24 petition is untimely absent tolling.

25       The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during
26 which a properly filed application for state post-conviction or other collateral review with
27 respect to the pertinent judgment or claim is pending.'" <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726
28 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). The circumstances under which a state

petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of federal law. Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc).

Here, petitioner filed a state habeas petition in the California Supreme Court on June 14, 2005, which was denied on May 10, 2006. In its motion, respondent fails to address that petitioner filed this post-conviction state habeas petition. The court notes that petitioner clearly lists the habeas petition filed in the state supreme court in the instant federal petition. Additionally, this state habeas petition was noted in the court's Order to Show Cause. See Petition at 3-4; Order to Show Cause (docket no. 3) at 1. A review of the state appellate court's website, searching under the name Charles E. Hobbs, reveals petitioner's post-conviction habeas petition filed in the state supreme court on June 14, 2005 and denied on May 10, 2006.

Applying statutory tolling for petitioner's state habeas petition from June 14, 2005 to May 10, 2006, the instant petition was timely filed. The limitations period ran from February 15, 2005 to June 14, 2005 (the date which petitioner filed his habeas petition in the state supreme court), for a period of 119 days. The limitations period is tolled from June 14, 2005 (the date petitioner filed his state habeas petition) until May 10, 2006 (the date of the state supreme court's denial of the habeas petition). Petitioner had an additional 246 days to file his federal habeas petition timely. Petitioner signed the instant petition on July 11, 2006. The instant petition was filed with the court on August 14, 2006, eighty-five days after the denial of his state habeas petition. Accordingly, the instant petition is timely pursuant to 2244(d)(1).

B.   Exhaustion of the Claim in the Petition

Next, respondent contends that petitioner's sole claim in the petition, that his trial and appellate counsel were ineffective in violation of the Sixth and Fourteenth Amendments, is not exhausted. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230,

231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the state's established appellate review process.").

In the instant petition, petitioner states that he raised the claim of ineffective assistance of trial and appellate counsel in his state habeas petition filed in the state supreme court. The state supreme court denied the petition on May 10, 2006. Petition at 4. The court notes that respondent failed to address petitioner's state habeas petition in its motion. The court concludes that petitioner's claim appears to be exhausted because he submitted this claim to the state supreme court in a state habeas petition. Accordingly, the court DENIES respondent's motion to dismiss the instant petition for failure to exhaust state remedies. The court issues a further scheduling order below.

**CONCLUSION**

1. Respondent's motion to dismiss (docket no. 11) is DENIED.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court, and serving a copy on respondent, within **thirty days** of his receipt of the answer.

3. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."

///

///

///

1  Petitioner must comply with the court's orders in a timely fashion. Failure to do so may result in
2  the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
3  41(b).

   IT IS SO ORDERED.

DATED: 3/19/08                    *Ronald M. Whyte*
                                  RONALD M. WHYTE
                                  United States District Judge