*E-FILED - 6/3/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES E. HOBBS, | ) | No. C 06-4871 RMW (PR) |
| Petitioner, | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| vs. | ) | |
| | ) | |
| T. FELKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court.  Petitioner responded with a traverse.  After reviewing the papers, the court concludes that petitioner is not entitled to habeas corpus relief based on the claim presented and DENIES the petition.

## BACKGROUND

On November 21, 2001, defendant severely beat his ex-girlfriend with his fist and a telephone, causing extensive bodily injuries.  *See* People v. Hobbs, H026305, H026884 (August 27, 2004), Ex. 8 at 1.[1]  On October 9, 2002, petitioner pled guilty to assault with

---

[1]  All references to "Ex." are to exhibits lodged by respondent in support of his answer. Because certain exhibits initially lodged were either inaccurate or missing pages, respondent has

1   a deadly weapon (Cal. Penal Code § 245(a)(1)), attempting to dissuade a victim or

2   witness from reporting a crime (Cal. Penal Code § 136(b)(1)), false imprisonment (Cal.

3   Penal Code §§ 236, 237), and battery with serious bodily injury (Cal. Penal Code §§ 242,

4   243) in the Santa Clara Superior Court.  *Id.*  He also admitted the allegations in the

5   complaint that he had suffered three prior convictions.  Two of those convictions -- a

6   residential burglary and an assault with a deadly weapon -- were "strikes" within the

7   meaning of the Three Strikes law (Cal. Penal Code § 667, subd. (b) through (i) and §

8   1170.12).  Both arose out of the same criminal proceeding.  *Id.* at 1-2.

9      On February 24, 2003, petitioner submitted a request to dismiss one or both of his

10  "strike" convictions in the interests of justice under California Penal Code § 1385 and

11  *People v. Superior Court (Romero)*, 13 Cal.4th 497 (1996).  After a hearing, the trial

12  court denied the request as to count one (assault with a deadly weapon) and granted it as

13  to count two, three and four.  Exs. 3 & 12.  Petitioner was sentenced to 25 years to life for

14  count one, consecutive to a five-year enhancement under § 667, subd. (a); a concurrent

15  year in county jail for count two; an aggravated concurrent term of six years for count

16  three (false imprisonment); and an aggravated eight-year term for count four (battery with

17  serious bodily injury), which was stayed under § 654.  Ex. 8 at 2.

18     Petitioner filed a notice of appeal on July 11, 2003.  On November 13, 2003,

19  petitioner filed a motion pursuant to California Penal Code section 1170(d), asking the

20  trial court to recall and modify the previously imposed sentence.  *Id.*  He also renewed his

21  *Romero* motion.  Asking the trial court to take judicial notice of the unpublished appellate

22  opinion in *People v. Hobbs* (H016850, unpub.), which held that petitioner's sentence for

23  the assault with a deadly weapon should have been stayed, and relying on *People v.*

24  *Benson,* 18 Cal.4th 24 (1998), petitioner urged the court to modify his sentence by

25  striking one of these two prior convictions, because they both arose from the same

26  domestic violence incident.  The court augmented the record to include the H016850

27

28  ────────────────

subsequently lodged a complete and accurate set of exhibits with the court.

Order Denying Petition for Writ of Habeas Corpus
P:\pro-se\sj.rmw\hc.06\ Hobbs871den                    2

1   opinion and the original and amended abstracts of judgment; however, it declined to
2   modify the sentence. *Id.* Petitioner filed another notice of appeal. (H026884.) The
3   California Court of Appeal consolidated the two appeals and affirmed the judgment. *Id.*
4   at 2-5. The California Supreme Court denied a petition for review on November 17,
5   2004. Ex. 10.

6       Petitioner filed a habeas petition in the California Supreme Court on June 13,
7   2005, raising claims of ineffective assistance of trial and appellate counsel. It was
8   summarily denied on May 10, 2006. Petition at 4; Ex. 11. Thereafter, petitioner filed the
9   instant federal petition.

10                              **DISCUSSION**

11   A.   Standard of Review

12      This court may entertain a petition for writ of habeas corpus "in behalf of a person
13   in custody pursuant to the judgment of a state court only on the ground that he is in
14   custody in violation of the Constitution or laws or treaties of the United States." 28
15   U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996
16   ("AEDPA"), a district court may not grant a petition challenging a state conviction or
17   sentence on the basis of a claim that was reviewed on the merits in state court unless the
18   state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or
19   involved an unreasonable application of, clearly established federal law, as determined by
20   the Supreme Court of the United States; or (2) resulted in a decision that was based on an
21   unreasonable determination of the facts in light of the evidence presented in the state
22   court proceeding." 28 U.S.C. § 2254(d). In determining whether the state court's
23   decision is contrary to, or involved an unreasonable application of, clearly established
24   federal law, a federal court looks to the decision of the highest state court to address the
25   merits of a petitioner's claim in a reasoned decision. *LaJoie v. Thompson*, 217 F.3d 663,
26   669 n.7 (9th Cir. 2000).

27      The standard of review under the AEDPA is somewhat different where the state
28   court gives no reasoned explanation of its decision on a petitioner's federal claim and

1   there is no reasoned lower court decision on the claim.  When confronted with such a

2   decision, a federal court should conduct "an independent review of the record" to

3   determine whether the state court's decision was an objectively unreasonable application

4   of clearly established federal law.  *Richter v. Hickman*, 521 F.3d 1222, 1229 (9th Cir.

5   2008).

6   B.     Petitioner's Claim of Ineffective Assistance of Trial Counsel

7           Petitioner claims that his trial counsel provided ineffective assistance because he

8   failed to make a particular argument in support of his *Romero* motion.  Specifically,

9   petitioner contends that in addition to his arguments under the state law, his counsel

10  should have argued that failure to strike one of his prior convictions would violate

11  petitioner's due process rights.  Petition at 6.

12          A claim of ineffective assistance of trial counsel is cognizable as a claim of denial

13  of the Sixth Amendment right to counsel, which guarantees not only assistance, but

14  effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

15  The benchmark for judging any claim of ineffectiveness must be whether counsel's

16  conduct so undermined the proper functioning of the adversarial process that the trial

17  cannot be relied upon as having produced a just result.  *Id.*

18          In order to prevail on such a claim, petitioner must establish two things.  First, he

19  must establish that counsel's performance was deficient, *i.e.*, that it fell below an

20  "objective standard of reasonableness" under prevailing professional norms.  *Id.* at 687-

21  88.  Second, he must establish that he was prejudiced by counsel's deficient performance,

22  *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the

23  result of the proceeding would have been different."  *Id.* at 694.  A reasonable probability

24  is a probability sufficient to undermine confidence in the outcome.  *Id.*

25          In support of petitioner's *Romero* motion, the trial counsel filed an eight-page

26  opening brief, describing the legal basis for the claim and citing relevant state authorities.

27  In addition, the counsel recounted petitioner's history, including his continuous

28  employment and exemplary behavior in prison and during parole.  Ex. 1 at 10-18.  He

1    attached petitioner's certificates of completion of various educational courses, high

2    school records, and letters from petitioner's family members, pastor and friends.  *Id.* at

3    19-30.  The counsel also filed a two-page reply brief countering arguments made in

4    respondent's brief and reiterating petitioner's position.  *Id.* at 36-38.  Subsequently, the

5    trial counsel renewed the *Romero* motion, providing a legal and factual basis for the

6    renewed request and citing relevant legal authorities.  Ex. 2 at 2-4.  The trial counsel did

7    not argue that failure to strike one of petitioner's prior convictions would violate

8    petitioner's due process rights

9         Failure to make a particular argument constitutes deficient performance only if

10   there was some reasonable basis on which to make the argument.  Petitioner does not cite

11   any authorities or provide any factual basis in support of a due process argument.  A

12   *Romero* claim is a matter of state law.  *Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir.

13   2002 ), *overruled on other grounds*, 538 U.S. 901 (2003); *see also Johnson v. Arizona*,

14   462 F.2d 1352, 1353 (9th Cir. 1972) (sentencing is normally a question of state law).

15   Petitioner's trial counsel made the motion and cited appropriate state law authorities in

16   support of the motion.  The sentencing court recognized its discretion to strike petitioner's

17   prior convictions.  It considered the fact that the two priors were based on a single course

18   of conduct, as well as petitioner's age, employment history, and exemplary behavior in

19   prison and on parole.  However, relying on petitioner's escalating violence toward women

20   with whom petitioner had a relationship and lack of insight into his conduct, the court

21   decided not to strike the prior convictions.  Exs. 3 & 12.  Petitioner does not suggest that

22   the state law did not authorize the judge to exercise her discretion in petitioner's

23   circumstances, the court was prevented from exercising its discretion, or the court was

24   biased or based its decision on some improper factors.  Neither does petitioner suggest

25   that the judge enhanced a sentence based on materially false or unreliable information or

26   based on a conviction infected by a constitutional error.  *Compare Walker v. Endell*, 850

27   F.2d 470, 477 (9th Cir. 1987), *cert. denied*, 488 U.S. 926, and *cert. denied*, 488 U.S. 981

28   (1988) ("[t]he due process clause prohibits a trial judge from enhancing a sentence based

1    on materially false or unreliable information, [citation omitted], or based on a conviction

2    infected by constitutional error").  Accordingly, the due process argument would not have

3    been meritorious if made, and counsel was not ineffective in not presenting such an

4    argument.  *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (failure to take futile

5    action can never be deficient performance); *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir.

6    2001) ("[counsel's] failure to include a meritless argument does not fall outside the 'wide

7    range of professionally competent assistance' to which Petitioner was entitled") (internal

8    quotation omitted).  Petitioner has also failed to show that the outcome of the *Romero*

9    motion would have been different had counsel included a due process argument.

10   *Strickland*, 466 U.S. at 694.

11         In light of the above, and after a thorough and independent review of the

12   underlying record, this court concludes that the state court's denial of this claim was not

13   an objectively unreasonable application of clearly established federal law.  *See Richter*,

14   521 F.3d at 1229.

15   C.    Petitioner's Claim of Ineffective Assistance of Appellate Counsel

16         Petitioner also contends that he received ineffective assistance on appeal because

17   his appellate counsel failed to argue that the trial court's denial of the *Romero* motion

18   violated petitioner's due process rights.  Petition at 6.

19         On appeal, petitioner was represented by a different counsel.  Petitioner's appellate

20   counsel filed an eighteen-page opening brief challenging the trial court's denial of the

21   *Romero* motion as an abuse of discretion under *People v. Benson*, 18 Cal.4th 24 (Cal.

22   1998) and *People v. Sanchez*, 24 Cal.4th 983 (2001), because both prior convictions arose

23   out of the same criminal transaction.  Ex. 5.  Appellate counsel also filed a six-page reply

24   brief, countering respondent's arguments and reiterating petitioner's position.  Ex. 7.  She

25   did not make a due process argument.  The California Court of Appeal held that the trial

26   court did not abuse its discretion, because petitioner's prior convictions, like those in

27   *Benson*, did not "arise out of a single act," but related to "multiple acts committed in an

28   indivisible course of conduct."  Furthermore, the court found that petitioner's strike

1  felonies were not so closely related that a trial court would abuse its discretion by

2  refusing to strike one of them.  Ex. 8.

3        Claims of ineffective assistance of appellate counsel are also reviewed according

4  to the *Strickland* standard.  *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir.1989). As

5  explained above, petitioner has not provided any basis for a due process argument, nor

6  did he show why such an argument would have been meritorious.  Thus, appellate

7  counsel did not err by failing to include it on appeal.  *Id*. at 1434 & n.11 (counsel must

8  weed out weak claims).  Petitioner has also failed to show that the outcome of the appeal

9  would have been different had counsel included this argument.  *Strickland*, 466 U.S. at

10  694.  After a thorough and independent review of the underlying record, this court

11  concludes that the state court's denial of this claim was not an objectively unreasonable

12  application of clearly established federal law.  *See Richter*, 521 F.3d at 1229.

## CONCLUSION

14        For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

15        IT IS SO ORDERED.

16  DATED:  __6/3/09_____

RONALD M. WHYTE
United States District Judge